[Columbiana (7th) Circuit Court, October Term, 1904.]

Laubie, Cook and Burrows, JJ.

PAUL METZGER v. ELLIS ROBERTS.

EVIDENCE OF CONTEMPORANEOUS PAROL AGREEMENT—WHEN ADMISSIBLE.

Upon an action to collect rent, evidence is admissible for the purpose of' showing that a contemporaneous parol agreement was made at the time a written lease was executed by which the lease was only to be used in organizing a corporation, and transferring the same to it, and under no: circumstances to be a valid lease between the original parties.

ERROR.

A. W. Taylor and W. H. Spence, for plaintiff in error.

L. T. Farr and C. P. Rothwell, for defendant in error, cited:

21 Enc. Law (2 ed.) 1097, note 4, and cases cited; Blewitt v. Boorum, 142 N. Y. 357 [37 N. E. Rep. 119; 40 Am. St. Rep. 600]; Reynolds v. Robinson, 110 N. Y. 654 [18 N. E. Rep. 127]; Ware v. Allen, 128 U. S. 590 [9 Sup. Ct. Rep. 174; 32 L. Ed. 563]; Michels v. Olmstead, 157 U. S. 198 [15 Sup. Ct. Rep. 580; 39 L. Ed. 671]; Naumberg v. Young, 44 N. J. Law 331, 336 [43 Am. Rep. 380]; Thompson, Trial Evidence Sec. 423; Heisel v. Heisel, 8 Dec. Re. 653 (9 Bull. 110); Richards v. Hale, 24 O. C. C. 468, 472.

COOK, J.

The action below was to recover an installment of rent due upon a lease of real estate from plaintiff, Paul Metzger, to defendant, Ellis Roberts, in Salem, this county.

The lease is in the ordinary form and demised a vacant factory, known as Salem Lock Works.

To the petition of plaintiff defendant set up two defenses: First, a general denial and second, that at the time of the signing and delivery of the lease, a parol contemporaneous agreement, was entered into by and between plaintiff and defendant, by which the lease was not to be a binding contract between plaintiff and defendant, but was to be used by defendant in organizing a corporation for the manufacture of automobiles in the premises of plaintiff, Metzger, and in securing subscriptions of stock to such corporation, and if the necessary amount of stock was procured and the corporation organized, then said defendant, Roberts,

was to assign and transfer the lease to the corporation so organized; but if defendant, Roberts, failed to procure the stock and organize the corporation, then such lease was to be of no effect whatever, and furthermore never was to be effective between Metzger and Roberts personally at any time; and the defendant asked that the lease be canceled and held for naught.

Upon trial before the common pleas court this contemporaneous parol agreement was permitted to be proven over the objection and exception of the plaintiff, Metzger. The cause was tried to the court, a jury being waived, and the court dismissed the petition of plaintiff, as it was fully justified in doing, if the evidence of the parol contemporaneous agreement was admissible.

The term by the provisions of the lease was to commence on December 1, 1902, and end on November 30, 1907, and it is said this evidence directly contradicted the terms and conditions of the written lease. Did it do so?

Evidently the object of the pleader in pleading the contemporaneous parol agreement was not to contradict the written lease, but was for the purpose of showing that no contract or agreement had ever been entered into that was binding between these parties.

In 21 Am. & Eng. Enc. Law (2 ed.) 1097, it is said:

"One class of apparent exceptions to the general rule includes those cases in which parol evidence is received to show that an instrument which purports to be a written contract is in fact no contract at all. In these cases, the extrinsic evidence is not received to vary or contradict the instrument, but to show that no binding obligation ever existed."

The text is supported by numerous decisions from a large number of states as well as from federal courts, and they all seem to justify the statement of the author.

In the case of Ware v. Allen, 128 U. S. 590 [9 Sup. Ct. Rep. 174; 32 L. Ed. 563] it is held:

"Parol evidence is admissible in an action between the parties, to show that a written instrument executed and delivered by the party obligor to the party obligee, absolute on its face, was conditional and was not indeed to take effect until another event should take place."

It is said by counsel for plaintiff that, conceding this is the general doctrine in the states, and in the federal courts, yet it is not the rule in Ohio. It is true that all the text writers in their announcement of this rule, do not include the state of Ohio as supporting it, and some of them

distinctly state that this is not the doctrine held by the Supreme Court of our state. An examination of the authorities in Ohio will show that nearly all the cases, if not all of them, in which the question has been discussed, arose on promissory notes; it is true some of them between the original parties, and there is no doubt but what the lines are clearly drawn upon the admission of parol evidence in such cases, but we do not think they have gone to the extent claimed by counsel in argument.

In Beecher v. Dunlap, 52 Ohio St. 64 [38 N. E. Rep. 795] which is the strongest case upon the subject it is held:

"Evidence of a parol agreement made at the execution and delivery of a note, by which it is not to be operative, unless, within a given time, the makers are able to realize a given sum of money from property purchased, and for which the note was given, is not competent."

By reference to the opinion on page 65 which was by the court, it is said:

"On the trial an exception was reserved to the admission of evidence offered by the defendants, to the effect that, by an oral agreement, the notes were not to be transferred, 'and were to be null and void,' unless within a year the makers should be able to make $1,750 net from the manufacture and sale of the patent right."

From the whole case it would seem to decide that, in a case of a valid note given as such, parol evidence should not be admitted to show that it should become invalid upon the happening of certain conditions; which is not the case under consideration.

In the case of Morris v. Faurot, 21 Ohio St. 155 [8 Am. Rep. 45], it was held:

"A brings an action, as indorsee, against B, and others, as indorsers upon a blank indorsement of a nonnegotiable promissory note, made after maturity. The defense is, that the plaintiff, who was a stranger to the note, at the request of the makers, and for the makers, paid the amount of the note, in full, to the defendants, as holders, and thereby discharged the same; that after such payment, the defendants, without indorsement, delivered the note to the plaintiff, for the use of the makers; that after such delivery, the defendants, at the request of the plaintiff, wrote their names on the back of the note, (the indorsement sued on), with an express understanding, between the parties, that such indorsement was to be used by the plaintiff, as evidence, to the makers, that he had paid the note for them, and for no other purpose: *Held*, that the admission of parol proof of such defense, is not a violation of the

678      OHIO CIRCUIT COURTS.     [Vol.

Columbiana County.

rule of evidence, that parol testimony is inadmissible to explain, contradict, or vary, the terms of written instruments.''

Judge McIlvaine in the opinion says, page 159:

''That parol testimony is inadmissible to contradict or vary the terms of written instruments, and that the contract of an indorser of a promissory note, whether the indorsement be in blank or otherwise, is within the meaning of that rule, as general propositions of law are true, may be admitted for the purposes of this case. But the question in the case, as we understand it, was not as to the terms of the contract, or the nature or extent of the indorser's liability, but, whether there was any contract at all, out of which any liability could arise.

''A blank indorsement, which evidences a contract, the terms of which cannot be contradicted or varied by parol testimony, is one made in the usual course of business, for the purpose of transferring the title of or giving credit to the paper. The defense in this case was, that no transfer of title was intended, nor was credit intended to be given this note by the transaction, but that it was paid and discharged by the makers through and by the plaintiff, who was acting for them and at their request.

''The object and tendency of the testimony objected to were to prove this defense; to show that the note itself, as well as the indorsement thereon, at the time of delivery to the plaintiff, were nullities, and not evidences of subsisting obligations. We can see no reason why such proof, upon such an issue between the parties to the transaction, should not be allowed.''

From these considerations we are of opinion that the court did right in admitting the evidence.

There is another view of the case that leads to the same result.

The second defense was in fact a cross petition, seeking to cancel the pretended agreement on the ground that it was fraudulent as against the defendant and to permit its enforcement would be a fraud upon him. There can hardly be any question but what the evidence would be admissible upon that issue. Possibly that issue, being an equitable one that went to the merits of the case, should have been tried first, but the parties, without objection, tried the whole case together to the court, a jury being waived, and they having so done, if the action of the court was right in admitting the evidence upon the equitable branch of the case, no error was committed.

The judgment of the court of common pleas will be affirmed.

**Laubie** and **Burrows, JJ.,** concur.